Thomas A. Moore (SBN 148698)
NOVECK & MOORE
1622 Ellsmere Ave
Los Angeles CA 90019
(650) 575-4991
(650) 887-0402
Attorneys for Plaintiff

Jesse F. Ruiz (SBN 77984)
ROBINSON & WOOD INC.
227 North First Street
San Jose CA 95113-1016
(408) 298-7120
(408) 298-0477 (fax)
Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT COURT

| | |
|---|---|
| Mia Kim, | Case No. C 08-00900 JW |
| Plaintiff, | JOINT CASE MANAGEMENT CONFERENCE STATEMENT |
| vs. | DATE: June 2, 2008<br>Time: 10:00 a.m. |
| Paul Gumina, Law Offices of Paul Gumina P.C., Charles Law, King & Wood LLP and DOES 1 TO 500, inclusive, | Location: Courtroom 8 4th fl.<br>280 South First Street<br>San Jose CA 95113 |
| Defendants. | |

    Pursuant to This Court's Standing Order, a meeting was held by teleconference on May 12, 2008 between counsel for Plaintiff Mia Kim ("Plaintiff") and. Defendants Paul Gumina, Law Offices of Paul Gumina P.C., Charles Law, King & Wood LLP. ("Defendants") in which the parties discussed the preparation of the Joint Case Management Conference Statement contained herein.

1

JOINT CASE MANAGEMENT CONFERENCE STATEMENT      C-08-900 JW

1. **Jurisdiction and Service:**

All Parties have been served in this case. Subject Matter Jurisdiction is based on diversity (28 U.S.C. sections 1331 and 1338(a) and also because one of the causes of action in the complaint arises under the Federal Patent laws and confers Federal Jurisdiction pursuant to 28 U.S.C. section 1441(b).

2. **Facts:**

On February 9, 2004, Hill Design Group brought an action against plaintiff (named as Mia Wang), Michael Wang, and Shen-Tai Industries Co., Ltd. And its affiliate and subsidiary companies (herein referred to as the "HDG Action"), in the Northern District of California in case No CV-04-00521. Plaintiff's current attorney, Thomas A. Moore, represented Hill Design Group in the HDG Action.

Thereafter Plaintiff's husband Michael Wang contacted and retained defendants, and each of them to represent Plaintiff and the other defendants in the HDG Action.

On or about March 30, 2004, defendants filed an appearance in the HDG Action on behalf of Plaintiff Mia Wang and the other defendants in the HDG Action. Plaintiff contends that she was never contacted by defendants herein to discuss her rights and obligations as a litigant being personally sued, legal defenses, or the potential for conflicts of interest between herself and the other defendants in the HDG Action.

Plaintiff also alleges that Defendants failed to explore any options for seeking have Plaintiff Mia Wang removed from the HDG Action, or to advise Plaintiff of the possibility of filing a motion for summary judgment to have her dismissed from the HDG Action. Likewise Plaintiff alleges Defendants never advised Plaintiff that she was entitled to make a claim for indemnity from the corporate entities that were sued in the HDG Action, nor did they advise her that since she was acting within the course and scope of her employment at all times alleged in the HDG Action, that she was immune from personal liability as a matter of law for virtually all the claims contained in the HDG Action.

Plaintiff further alleges that the defendants never advised her that her husband and the corporate defendants, who had been handling the defense of the claim for all the defendants sued

in the HDG Action were in a conflict of interest with her such that it impaired the ability of defendants to represent all the entitles simultaneously. Plaintiff alleges that the defendants failed to advise her that based upon the direction the defense was being driven in, that she was better off obtaining separate counsel to represent her to get a dismissal for her as an individual from the lawsuit.

As the HDG litigation proceeded, Hill Design Group moved for and was granted terminating sanctions against all defendants for failure to cooperate in discovery. Plaintiff alleges that the defendants failed to oppose the motion for terminating sanctions, and filed a motion to withdraw as attorney of record. As a result, judgment in the amount of $49,390,410.00 was entered against Plaintiff personally. The judgment included an award of pre and post judgment interest, and attorneys fees which now brings the judgment to a running total in excess of 75 million dollars.

The Defendants contend that Michael Wang entered into a Legal Representation Agreement with King & Wood, LLP. Paul Gumina was employed by King & Wood as a contract lawyers. Paul Gumina dealt with Michael Wang who was located in Taipei, Taiwan. The Defendants contend that Michael Wang and the Plaintiff failed to maintain communication with the Defendants. In addition, the Plaintiff has admitted that she changed her name, moved to Nevada without informing counsel and knew that she was aware of litigation, but relied upon her husband's assurances that "everything was being taken care of."

As soon as the Defendants became aware of a valid address for Plaintiff, they hand delivered discovery requests and asked that Plaintiff contact them. The requests were made before the Defendants filed a Motion to Withdraw, before Plaintiff in the underlying action brought a Motion for Sanctions, and before the date Plaintiff alleges that she moved to Nevada. The Plaintiff ignored all requests for assistance and failed to cooperate with counsel on the outstanding discovery.

The Defendants contend that the Plaintiff withdrew her Motion to Set Aside her Default because she entered into an agreement and voluntarily consented to having judgment taken against her as an individual. The Defendants contend that the present action is, in essence, an

assignment of a malpractice claim. Hill Design Group and Mia Kim are both represented by attorney Thomas A. Moore, who will be a witness in this litigation.

**3.     Legal Issues:**

Plaintiff contends that the single legal issue in this case is the alleged legal malpractice of defendants in their representation of Mia Kim in the underlying case in which she was a defendant.

The defendants contend that in order to prevail in her case against the defendant attorneys, plaintiff must prove the underlying case would have turned out differently. The underlying complaint contained eleven causes of action. Contained within that complaint were allegations that plaintiff Kim was the Vice President and co-owner of Shen-Tai Industries Company, Ltd. In addition, the defendants contend that the Plaintiff abandoned counsel, changed her name, moved out of state, and failed to maintain communication with the Defendants throughout the course of the underlying litigation. Defendants deny that they committed legal malpractice and assert various affirmative defenses.

**4.     Motions:**

There are no pending motions at this time, and Plaintiff does not anticipate filing any at this time.

**5.     Amendments to the Pleadings:**

Plaintiff does not anticipate amending the pleadings at this time.

**6.     Evidence Preservation:**

The parties do not, at this time, foresee the need for using CD-ROM. Or other electronic means for preserving the evidence in. this case for trial. However, should the volume or nature of evidence produced during discovery prove large, the parties will meet and. Confer to determine whether the use of such means is warranted and implement any system of preservation deemed useful or necessary.

**7.     Pre-Discovery Disclosures:**

The parties will exchange the information required by Federal Rule of Civil Procedure 26(a)(I) by June 3, 2008. The parties have held preliminary discussions on the categories of

documents and information to be produced and do not anticipate any disagreements relating thereto. Nonetheless, the parties do not waive their right to object to any category of document or information requested.

**8.    DISCOVERY PLAN**

    **A. Subject Matter of Discovery**

    The parties anticipate that discovery will address: (1) the facts relating to Defendants' representation of Plaintiff as attorneys in the underlying case of <u>Hill Design Group v. Spring Wang et.al.</u> Case No. C 04-0521, JF filed in the Federal Court for the Northern District of California in which a judgment was obtained by Hill Design Group against all defendants, including Mia Kim in the amount of 49,390,410.00 dollars together with pre and post judgment interest which at this time values the judgment at in excess of 70 million dollars.

    **B. Scope of Discovery**

    1. The parties agree that discovery should not be conducted in. phases.

    2. The parties agree that no discovery order is necessary.

    3. The parties agree that no changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules.

**9.    Class Actions:**

    This case is not a complex litigation and these issues are not anticipated in this case.

**10.   Related Cases:**

    There are no related actions pending.

**11.   Relief:**

    Plaintiff seeks to have the entire judgment in the underlying HDG Action against her, now in excess of 75 million dollars in value, to be paid for by defendants.

**12.   Settlement and ADR:**

    Plaintiff believes this case would benefit from an Early Settlement Conference before a sitting District Court Judge and would consent to settlement discussions before this court.

    The Defendants have not been able to confirm insurance coverage for this claim and it is presently unknown if a separate action will be brought against their professional liability carrier.

13. **Consent to Magistrate Judge for All Purposes:**

The parties do not so consent.

14. **Other References:**

No other references are appropriate at this time.

15. **Expedited Schedule:**

Plaintiff does not oppose and would welcome an expedited schedule in this case.

16. **Proposed Cut-off Dates:**

1. Discovery cut-off:   October 1, 2008

2. Expert Disclosures: November 1, 2008

3. Expert discovery cut-off: December 1, 2008

4. Dispositive motion, cut-off: December 15, 2008

17. **Proposed Trial Date:**

Plaintiff proposes the following trial date:  January 15, 2009.

Date: May 19, 2008                                        NOVECK & MOORE

By: __/S/__
Thomas A. Moore
Attorneys for Plaintiff

Date: May 19, 2008                                        ROBINSON & WOOD INC.

By: _____
Jesse F. Ruiz
Attorneys for Defendants